## Victor Renner, Plaintiff, v. Walter Greathouse, et al., Defendants.

### Term No. 56–M–1.

Fourth District.

January 14, 1957.

Released for publication February 4, 1957.

Paul P. Waller, Jr., of East St. Louis, for plaintiff-appellant.

William L. Beatty, G. Edmond Cook, and Morris B. Chapman, all of Granite City, for defendants-appellees.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Victor Renner, is in the business of leasing coin operated amusement devices. He filed this suit for damages against Walter Greathouse, who is a business rival, and the individuals who were the mayor and alderman of Granite City.

The complaint charges that the defendants had agreed among themselves to put plaintiff out of business and eliminate any competition with Greathouse, for the purpose of securing certain personal advantages

for themselves; alleges certain malicious acts done wilfully with intent to injure plaintiff's business, such as using threats, intimidation, coercion, etc. to induce location owners to terminate agreements with plaintiff; alleges damage to his business and prays for damages.

To the complaint the defendants filed a motion to dismiss on the sole ground that the complaint is barred by a prior judgment in the same court, with a copy of the judgment attached to the motion. The motion was allowed and judgment of dismissal entered, from which this appeal is taken.

The prior judgment was on a petition for writ of mandamus, in the name of the people, on the relation of the present plaintiff, against the mayor and aldermen, to compel the issuance of a license to plaintiff. Plaintiff contends the parties in the new action are in a different capacity, the subject matter of the suit is different, the issues different, the relief prayed different, therefore the prior action is no bar to this.

The defendants seek to sustain the order dismissing this suit on the principal basis that the prior judgment decided there was no deprivation of plaintiff's property involved, and no lack of due process. Since the prior judgment was merely on the pleadings, it is not contended that the merits were heard and decided.

Examination of the dismissal of the complaint for mandamus discloses that the court expressly held that the issuance of a license involved discretion on the part of the city council with which the court would not interfere. It was held that the exercise of the police power did not involve a property right, therefore the complaint did not state a cause of action, and would be dismissed.

The order of dismissal made it clear that the court was following the general principles pertaining to mandamus. It is an extraordinary remedy and

will be issued only where a clear right is shown. Daniels v. Cavner, 404 Ill. 372, 88 N.E.2d 775. A court will not issue a writ the effect of which would be to substitute the court's judgment or discretion for that of the body which is commanded to act. People ex rel. Walsh v. Board of Commissioners of Cook County, 397 Ill. 293, 74 N.E.2d 503. It is a general rule that mandamus will not lie to a municipal council with respect to duties involving discretion, 37 Am. Jur. Mun. Corp. § 69.

As to the court's statement about property rights, it is apparent, and conceded by defendants, that this was on the theory that a licensee under a municipal ordinance has no inherent franchise or property right therein.

■ The applicable principles of the doctrine of res adjudicata, may be stated thus: subject to some exceptions, the doctrine is not applied unless the parties, the subject matter of the suit and the issues are the same. In comparing two cases, "the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. . . . If the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other." 30 Am. Jur. Judgments, Sec. 174.

■ Where one suit seeks the performance of an act and another a money judgment, the causes of action are not the same. Pillsbury v. Early, Adm., 324 Ill. 562. "The doctrine of res adjudicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available, or of the proper form of proceeding." 30 Am. Jur. Judgments, Sec. 210. "A judgment holding that a declaration is bad is not a

341

bar to a declaration stating facts which constitute a proper cause of action." Id. Sec. 212.

Finally, it may be pointed out that a municipal officer "is not personally liable where it does not appear that the act of refusing to grant the license is based on any personal financial interest, or that there is a purpose to benefit himself or others at the expense of the applicant, or to do malicious injury to the applicant." 37 Am. Jur. Mun. Corp. Sec. 267.

Based on the foregoing principles, it is our opinion that the mandamus action was dismissed as not an available remedy, so that the complaint failed to state a cause of action, while the present suit is against individuals for damages for alleged malicious acts designed to injure plaintiff for the personal benefit of defendants; that the subject matter is different and the proof which the court refused to hear in the first action, may be admissible in this action for damages against the individuals. The plaintiff has not had a day in court as to the facts or his right to damages, the prior judgment merely holding that the court would not mandamus a discretionary act; therefore we hold that the prior action is not a bar to this one, and the court erred in dismissing this suit on the ground of prior adjudication. The judgment is reversed and the cause remanded with directions to overrule the motion to dismiss based on the prior suit, and to proceed in normal course.

Reversed and remanded.

BARDENS, J., concurs.

CULBERTSON, J., dissents.