DIANE JOSEPH PICK, Plaintiff-Appellee, *v.* HAROLD PICK,
Defendant-Appellant.

First District (1st Division)   No. 77-441

Opinion filed February 21, 1978.

Mandel, Lipton and Stevenson, Ltd., of Chicago (Richard L. Mandel and Richard L. Goldner, of counsel), for appellant.

Blum, Field, & Marbell, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

A summary of the record is the first essential in this appeal. The pertinent portions of the record commence with the entry of a judgment for divorce on May 10, 1974, in favor of Diane Joseph Pick (plaintiff) against Harold Pick (defendant). The judgment provided for retention by plaintiff of certain personal property in her possession and for delivery of other portions of said property by plaintiff to defendant.

On June 6, 1974, defendant filed a lengthy document termed "Emergency Petition." It alleged that defendant had entered into the property settlement agreement reflected in the judgment in reliance upon agreement by plaintiff to deliver certain specified personal property to defendant. Plaintiff had failed and refused to transfer certain of said articles to defendant and several articles actually transferred were damaged, contrary to the judgment for divorce entered May 10, 1974. Plaintiff never had any intention of returning this property to defendant. The petition alleged that plaintiff was guilty of fraudulent and wilful contempt of the court. Defendant prayed that the judgment for divorce be vacated and for general relief.

On June 18, 1974, plaintiff filed a motion to strike and dismiss defendant's petition. In due course certain paragraphs of the petition were stricken and defendant was given time to file an amended petition. No such amended pleading was filed by defendant.

Nothing further was done in the matter until March 12, 1976. The record shows that defendant "remarried shortly prior to March 12, 1976." On that date defendant filed a petition for withdrawal of the motion to vacate the decree. On March 12, 1976, an order was entered which recited that defendant was present *pro se* and plaintiff was represented by her counsel. The order provided that all matters then "presently pending before the court are dismissed with prejudice."

One week later, on March 19, 1976, defendant filed another petition described as "Emergency Petition for Rule to Show Cause." The petition alleged that various articles of personal property of defendant in possession of plaintiff had been damaged and destroyed and that plaintiff had wilfully refused to comply with the judgment for divorce entered May 10, 1974, regarding delivery of personal property to defendant. Defendant prayed that plaintiff be held in contempt of the court for this reason.

On May 12, 1976, the trial court entered an order reciting that the court had heard argument of the parties on plaintiff's motion to dismiss defendant's petition for a rule to show cause, pursuant to section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 48.) The court ordered that the petition of defendant was "denied with prejudice."

On June 9, 1976, the trial court entered an order extending the time for filing a petition by defendant to vacate the order of May 12, 1976, until June 23, 1976. On June 23, 1976, defendant filed a lengthy motion to vacate the previous order entered May 12, 1976. On November 24, 1976, the trial court entered an order vacating the order of May 12, 1976. On December 14, 1976, the previous order of November 24, 1976, was vacated. On January 12, 1977, defendant filed a notice of appeal from

the order of December 14, 1976. The notice prayed that the order be reversed and that the order of November 24, 1976, be reinstated.

■■ Analysis of the rights of these parties must necessarily commence with the order of March 12, 1976, which directed that all pending matters be dismissed "with prejudice." This order clearly had application to the then pending petition of defendant to vacate the judgment for divorce because of the failure of plaintiff to return defendant's property in accordance with said judgment. In our opinion, the law is clear and definite that an order dismissing a suit or proceeding with prejudice is a final, appealable order. This principle is demonstrated in *In re Estate of Crane* (1951), 343 Ill. App. 327, 336, 99 N.E.2d 204, *appeal denied* (1951), 409 Ill. 630. In *Crane*, precisely as in the case before us, a suit against an executor of a deceased estate was dismissed with prejudice. The plaintiff had previously filed a claim in the deceased estate predicated upon the same cause of action involved in the dismissal. The claim was allowed by the probate court but dismissed by the circuit court after a trial *de novo*. This court affirmed the dismissal by the circuit court. The opinion contains a lengthy analysis of a number of authorities, all going to the same point and supporting the result that any action on the claim was barred by the previous dismissal of the suit with prejudice.

In the case before us no appeal has been taken by defendant from the order of March 12, 1976. Consequently we must commence our reasoning here from the premise that defendant's petition to vacate the judgment for divorce for grounds related to failure of defendant to receive certain personal property has been determined adversely to defendant on the merits and this determination remains in full force and effect.

■■ ■ Defendant seeks to attack the disposition of March 12, 1976, with prejudice. This was done by extended hearings in the trial court. The trial judge who had entered the order of March 12, 1976, appeared in the courtroom of another trial judge and made statements regarding the use of the words "with prejudice" in the order. In our opinion, all of the proceedings of this kind were neither necessary nor proper and have no legal effect upon the matter before us. In effect, defendant sought in this manner to amend the record by eliminating the phrase "with prejudice" by substituting "without prejudice." Defendant made a prolonged attempt to achieve this result by his own statements and testimony of the trial judge who had entered this order. This effort was legally impermissible. The single and decisive authority in this regard is *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 428, 348 N.E.2d 457. The supreme court there held that no amendment of a record can be made by oral testimony or even from the recollection of the trial judge himself but must be proved by " 'some note or memorandum from the

record or *quasi* records of the court, or by the judge's minutes, or by the papers on file in the cause.'" (*Hartgraves*, 63 Ill. 2d 425, 428, quoting from *Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 202, 170 N.E.2d 139, *cert. denied* (1961), 365 U.S. 878, 6 L. Ed. 2d 191, 81 S. Ct. 1029.) In the case before us, precisely as in *Hartgraves*, no such material existed and none was submitted to the trial court. Defendant depends largely upon the testimony of the trial judge which, incidentally, was totally opposed to defendant's theory. We reject these efforts by defendant and we will, therefore, continue our reasoning based upon the legal effect of the order dismissing defendant's claim with prejudice on March 12, 1976.

After defendant filed his petition for a rule to show cause, plaintiff moved to dismiss this petition on the specific ground of former adjudication. (See Ill. Rev. Stat. 1975, ch. 110, par. 48(d).) Here also one decision by the Supreme Court of Illinois states the applicable legal principle. Quoting several other cases, the court in *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 528, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668, held that a final judgment on the merits concludes the rights of the parties and " 'constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' " (*La Salle National Bank*, 61 Ill. 2d 524, 528, quoting from *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851.) In our opinion, in the case before us, defendant's petition for rule to show cause involves the same "claim, demand or cause of action" as did defendant's previous motion to vacate the judgment for divorce. Both proceedings involve the same right of defendant to obtain certain personal property; the same alleged misconduct of plaintiff in refusing to deliver said property and additional alleged misconduct by plaintiff resulting in damage to defendant's property. The only difference between these identical claims or demands is an immaterial variation in the type of sanction sought to be employed. In the first petition plaintiff sought to enforce his claim by vacation of the judgment for divorce and in the subsequent proceeding defendant sought enforcement by attempting to hold plaintiff in contempt of the court.

Under these circumstances, in our opinion, the doctrine of former adjudication applies and the first judgment entered March 12, 1976, dismissing defendant's petition for want of prosecution "is conclusive as to all questions actually decided and to all questions which might have been litigated and determined in that action." *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060, 351 N.E.2d 249, *appeal denied* (1976), 63 Ill. 2d 562.

It follows that the order of March 12, 1976, is determinative of the rights of these parties. In our opinion, the subsequent order of May 12, 1976, was similarly proper and should not have been vacated by the following

order of November 24, 1976. Thus, the order of December 14, 1976, which vacated the previous order of November 24, 1976, was proper. Accordingly the judgment of December 14, 1976, which is the order here appealed from, is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.