MARY SCHULTZ, Plaintiff-Appellant, *v.* THE BANK OF LYONS, Defendant-Appellee.

First District (5th Division)　No. 77-1924

Opinion filed November 22, 1978.

David Potter Duff, of Oak Park, for appellant.

John J. Voortman and Wayne S. Gilmartin, both of Schiff, Hardin & Waite, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

In this appeal plaintiff contends that the trial court improperly dismissed her complaint.

The following facts are pertinent to the disposition of this appeal.

Plaintiff brought this action for malicious prosecution following the termination of litigation brought against her by the Bank of Lyons. Her complaint alleges that on April 13, 1962, the Bank of Lyons filed a creditor's complaint against her and others, entitled Bank of Lyons v. Alvin A. Schultz, *et al.*, Case No. 62 C 5684, in the Circuit Court of Cook County. On June 14, 1963, the Bank of Lyons filed a second suit against her and others, entitled Bank of Lyons v. Mary Schultz, *et al.*, Case No. 63 S 13202, in the Superior Court of Cook County, seeking an accounting and an injunction. The injunction was granted on June 14, 1963, and allegedly deprived her of the use of certain assets. On July 2, 1963, this injunction was dissolved and Case No. 63 S 13202 was dismissed upon her motion.

She further alleged that Bank of Lyons thereafter amended its original lawsuit, Case No. 62 C 5684, by adding a second count in which it again sought an accounting and an injunction. She alleged that this count II of Case No. 62 C 5684 named "virtually the same parties and stat[ed] the same cause of action" as Case No. 63 C 13202, the previously dismissed lawsuit. On July 19, 1963, the Bank obtained a temporary injunction in Case No. 62 C 5684 which restrained payment to her of $61,533.27 allegedly due to her from her decedent husband's life insurance policies. Count II of Case No. 62 C 5684 was subsequently dismissed on September 24, 1965, and the aforesaid injunction was dissolved. The injunction was found to have been wrongfully issued for amounts in excess of $30,000 and all withheld funds in excess of $30,000 were ordered released to her.

She also alleged that on November 2, 1965, the Bank of Lyons filed count III of Case No. 62 C 5684, claiming that she had converted and wrongfully withheld funds from the Bank of Lyons. A judgment for her was granted on count III on September 19, 1969, and the remaining $30,000 of insurance proceeds were released. She alleged in her complaint for malicious prosecution that the September 19, 1969, judgment constituted a final determination of the litigation brought against her by the Bank of Lyons.

Plaintiff further alleged "[t]hat all of the aforesaid litigation was instituted by defendant BANK OF LYONS against [her] maliciously and without probable cause and with intent to injure [her] and that each and every action has been terminated in favor of [her]." She claimed that she was injured as a result of the aforesaid actions of the defendant Bank and prayed for $50,000 in compensatory damages, $300,000 in exemplary and punitive damages and the costs of maintaining the malicious prosecution action.

Defendant Bank pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 45 and 48), moved to strike the amended complaint and to dismiss the action with prejudice. After briefing and argument on the motion to strike and dismiss, the trial court dismissed the amended complaint with prejudice. Plaintiff now appeals from the order dismissing her complaint.

Opinion

Plaintiff contends that the trial court erred in dismissing her complaint for malicious prosecution. She argues that her complaint states a valid cause of action.

■■ ■ The elements essential to a cause of action for malicious prosecution "are the institution or continuation of original judicial

proceedings by or at the instance of defendant with malice and without probable cause, termination of the proceedings in plaintiff's favor, and damage sustained by plaintiff." (*Caspers v. Chicago Real Estate Board* (1965), 58 Ill. App. 2d 113, 117, 206 N.E.2d 787, 789.) Where the malicious prosecution suit is founded upon a civil action, our supreme court has required that the plaintiff show that the civil action was accompanied by arrest of the person, the seizure of his property, or by some special injury not inherent in all actions brought to recover for similar causes of action. (*Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 51 N.E. 569.) The Bank of Lyons argued in the trial court and contends on appeal that plaintiff has failed to meet the arrest, seizure, or special injury requirement of *Smith*. She argues, however, that the injunctions in Case Nos. 62 C 5684 and 63 S 13202, which temporarily deprived her of the use of the insurance proceeds on her late husband's life, constituted seizures of property sufficient to support her malicious prosecution action.

■■■ No Illinois case which answers the precise question of whether such an injunction could constitute a seizure of property for the purpose of establishing a cause of action for malicious prosecution has been brought to our attention. We believe, however, that under the facts of this case the injunctions clearly constituted a seizure of property. The first injunction, in Case No. 63 S 13202, deprived plaintiff of $61,533.27 in life insurance proceeds from June 14, 1963, until July 2, 1963, when the injunction was dissolved. The second injunction, in Case No. 62 C 5684, initially deprived her of $61,533.27 from July 19, 1963, until September 24, 1965, when $31,533.27 was ordered released. The injunction continued, however, to freeze the remaining $30,000 in life insurance proceeds until being dissolved on September 19, 1969. Plainly, these injunctions, each of which prevented plaintiff from using, enjoying and dealing with money rightfully due to her, constituted seizures of property within the meaning of *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 51 N.E. 569. The fact that the withheld funds were ordered deposited with the clerk of the circuit court does not prevent us from characterizing the injunctions here as seizures of property.

■■ Furthermore, we do not believe that this determination does violence to the underlying policy of the arrest, seizure of property or special injury requirement. In *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 629, 51 N.E. 569, 572, our supreme court, in explaining the requirement, stated that:

> "Such ordinary trouble and expense, as arise from the ordinary forms of legal controversy, should be endured by the law-abiding citizen as one of the inevitable burdens, which men must sustain under civil government."

The present injunctions, which deprived plaintiff of the life insurance proceeds due to her, were not such ordinary trouble and expense as to be generally experienced by a litigant in a civil action. Rather they were accompaniments of an extraordinary and substantial nature.

The reliance placed upon *Merriman v. Merriman* (1937), 290 Ill. App. 139, 8 N.E.2d 64, by Bank of Lyons in support of its argument that the injunctions did not constitute seizures of property is clearly misplaced. Although the defendant in *Merriman* had previously sought to enjoin enforcement of alimony payments which he owed the plaintiff therein, it does not appear that an injunction was ever granted by the court in that case. Therefore, we find *Merriman* inapplicable to the present case.

Defendant next contends, however, that even were plaintiff able to satisfy the seizure of property requirement, her cause of action would be barred by the doctrine of *res judicata*. It argues that she previously filed a suggestion of damages under section 12 of the Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 12) in Case No. 62 C 5684 for the wrongful issuance of the injunction in that case. She there received $24,103.52 in damages which we affirmed in *Bank of Lyons v. Schultz* (1974), 22 Ill. App. 3d 410, 318 N.E.2d 52, and defendant argues that this award of damages pursuant to the Injunction Act bars the present action for malicious prosecution. We disagree.

■■ In *People v. Kidd* (1947), 398 Ill. 405, 408-09, 75 N.E.2d 851, 853-54, our supreme court stated that:

> "The doctrine of *res judicata*, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Harding Co. v. Harding*, 352 Ill. 417; 30 Am. Jur. 914, sec. 172.) * * * When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."

■■ The application of *res judicata* is therefore limited to situations in which the second cause involves the same parties, subject matter and issues as the first. (*National Tea Co. v. Confection Specialties, Inc.* (1977), 48 Ill. App. 3d 650, 362 N.E.2d 1150.) When comparing the two actions to determine whether the first is a bar to the maintenance of the second, the test to be applied is whether the facts are identical or whether the same evidence would sustain both. (*Renner v. Greathouse* (1957), 12 Ill. App.

2d 338, 139 N.E.2d 825.) Furthermore, the doctrine of *res judicata* applies not only to questions actually litigated and decided, but to all other grounds of recovery or defense which might have been presented in the earlier proceeding. *People ex rel. McAllister v. East* (1951), 409 Ill. 379, 100 N.E.2d 746.

In Case No. 62 C 5684, the creditor's suit, plaintiff filed a suggestion of damages following the trial court's determination that the injunction therein had been wrongfully issued. This suggestion of damages was filed pursuant to section 12 of the Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 12), which provides that:

> "In all cases where an injunction is dissolved by any court in this state, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same. However, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

On March 6, 1973, plaintiff was awarded interest on the money withheld by the injunction, attorney's fees, and court costs.

■■■■ We do not believe that this suggestion of damages proceeding in the earlier case operates as a bar to the present malicious prosecution. It is clear that the cause of action for malicious prosecution is separate and distinct from the right to file a suggestion of damages which was filed in, and as a part of, the creditor's suit brought by the Bank of Lyons against Schultz. Section 12 of the Injunction Act requires that such a suggestion of damages be filed prior to the termination of the suit in which the injunction had been issued. One of the elements essential to a cause of action for malicious prosecution, however, is the termination of the action on which it is based in favor of the party bringing the malicious prosecution action. (See *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 211 N.E.2d 286.) Therefore, plaintiff's cause of action for malicious prosecution had not even accrued at the time she filed her suggestion of damages since the action upon which the malicious prosecution action is based, the creditor's suit, had not yet been terminated in her favor. Consequently, *res judicata* does not operate here to bar the action for malicious prosecution.

Defendant has not contended on this appeal, nor does our review of the amended complaint indicate, that plaintiff has failed to properly allege the remaining elements essential to a cause of action for malicious prosecution.

Accordingly, the order of the trial court dismissing plaintiff's

amended complaint is hereby reversed and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.