PANAGIOTIS ROGARIS *et al.*, Plaintiffs-Appellants, v. GORDON OLIVER *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—91—0520

Opinion filed April 23, 1993.

Joshua Sachs and Harvey Walner & Associates, both of Chicago, for appellants.

Jesmer & Harris, of Chicago (George H. Klumpner, of counsel), for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiffs instituted this action seeking recovery for personal injuries sustained when their vehicle collided with a taxicab owned by defendant Yellow Cab Company (hereinafter Yellow Cab) and operated

by defendant Oliver. The complaint asserted that Oliver was liable for his negligent operation of the cab and that Yellow Cab was vicariously liable for the acts of its agent under the doctrine of *respondeat superior*. The trial court dismissed plaintiffs' claims against Oliver pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) for lack of diligence in effecting service of process. Thereafter, the court granted summary judgment in favor of Yellow Cab, finding that the dismissal of the claims against Oliver was an adjudication on the merits and precluded plaintiffs' cause against Yellow Cab. Plaintiffs appeal, contending that the trial court erred in (1) refusing to permit the plaintiffs to voluntarily dismiss their complaint against defendant Oliver with prejudice, and (2) entering summary judgment in favor of defendant Yellow Cab based upon the dismissal of the claims against its agent.

Plaintiffs instituted this action on August 11, 1987, seeking recovery for personal injuries sustained in an automobile collision. The one-count complaint asserted that plaintiffs were injured on August 14, 1985, when the vehicle in which they were riding collided with the taxicab operated by defendant Oliver. Plaintiffs alleged that their injuries resulted from the negligent acts of the defendants, including (a) the failure to keep a proper lookout for other motor vehicles; (b) proceeding at an excessive rate of speed; (c) the failure to decrease speed so as to avoid colliding with the plaintiffs' vehicle; (d) the failure to give an audible warning of the approach of his vehicle; (e) the failure to equip the taxicab with proper brakes; and (f) the failure to keep the motor vehicle under proper control.

The summons, issued August 11, 1987, indicated that defendant Oliver was to be served at 845 West Agatite in Chicago, Illinois. Yellow Cab was to be served through its registered agent, Lois Schuman, at 1730 South Indiana Avenue in Chicago, Illinois. The return of service reflected that defendant Yellow Cab was served through its agent on August 18, 1987. The record indicates that service was attempted for defendant Oliver on three separate occasions, but the summons was returned not served on September 3, 1987. The record does not reflect that an alias summons was ever issued against defendant Oliver.

Defendant Yellow Cab filed an appearance and jury demand on September 9, 1987. On that same date, defendant Yellow Cab Company filed its answer which denied the allegations of negligence raised in the complaint.

On September 7, 1990, counsel for Yellow Cab filed a motion to dismiss the claims against defendant Oliver. This motion was predi-

cated upon Supreme Court Rule 103(b) and sought dismissal based upon the plaintiffs' lack of diligence in serving Oliver. The motion asserted that the plaintiffs' cause should be dismissed because five years had elapsed since the date of the occurrence and three years had elapsed since the filing of the complaint. Moreover, three years had elapsed since the expiration of the statute of limitations applicable to plaintiffs' claims. This motion also sought entry of an order that the dismissal of the claims against Oliver was an adjudication on the merits of the plaintiffs' cause of action.

On September 27, 1990, plaintiffs filed a motion to voluntarily dismiss their claims against defendant Oliver with prejudice. Plaintiffs' motion requested that the cause proceed against the remaining defendant Yellow Cab. Plaintiffs then filed a response to the Rule 103(b) motion to dismiss on October 9, 1990. Yellow Cab's reply asserted that the Rule 103(b) motion should be decided before plaintiffs' motion to voluntarily dismiss with prejudice the claims against Oliver.

On January 14, 1991, the trial court granted defendant's Rule 103(b) motion and stated that the dismissal of the claim against Oliver was final under Supreme Court Rule 304(a) with no just reason to delay enforcement or appeal thereof. The dismissal order further held that the plaintiffs' cause against defendant Yellow Cab remained.

The following day, defendant Yellow Cab filed a motion for summary judgment, contending that the dismissal of the claims against Oliver, its agent, was an adjudication on the merits, and, under the doctrine of *res judicata*, the cause against Yellow Cab should be dismissed where there were no genuine issues of material fact. On January 25, 1991, the trial court granted defendant Yellow Cab's motion for summary judgment. The trial court also denied plaintiffs' previously filed motion for voluntary dismissal of the claim against defendant Oliver. Plaintiffs have appealed the Rule 103(b) dismissal of Oliver and the entry of summary judgment in favor of Yellow Cab.

We first address plaintiffs' challenge of the trial court's dismissal of their claims against defendant Oliver under Supreme Court Rule 103(b) for lack of due diligence in effecting service of process.

Supreme Court Rule 103(b) provides as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be

made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. *Segal v. Sacco* (1990), 136 Ill. 2d 282, 286, 555 N.E.2d 719; *Viking Dodge Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 188, 514 N.E.2d 248.

The instant record clearly establishes that defendant Oliver was named as a party to the action on August 11, 1987, but was never served. Thus, the trial court acted within its discretion in dismissing the cause of action asserted against Oliver. Plaintiffs have not argued that the 103(b) dismissal was improper because they exercised reasonable diligence in serving Oliver. Rather, they contend that the trial court erred in denying their motion for voluntary dismissal of the claims against this defendant. We disagree.

Initially, we note that the motion brought by the plaintiffs sought dismissal *with prejudice* of the claims against defendant Oliver. As such, the filing of this motion was not authorized under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009), which provides for voluntary dismissal *without prejudice*. The Code of Civil Procedure does not provide for voluntary dismissal *with prejudice* under section 2—1009, and plaintiffs have not cited any other section of the Code which authorizes the filing of such a motion.

Plaintiffs assert that the court erroneously determined that the Rule 103(b) motion to dismiss took precedence over their subsequent motion to voluntarily dismiss with prejudice.

The trial court's conduct in this case was guided by the Illinois Supreme Court's decisions in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, and *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858.

In *O'Connell*, the supreme court specifically held that a Rule 103(b) motion must be heard on its merits prior to a ruling on a plaintiff's motion for voluntary dismissal under section 2—1009. This holding was premised upon the court's obligation to administer justice fairly and promptly. (*O'Connell*, 112 Ill. 2d at 282.) In *Gibellina*, the court ruled that a trial court has discretion to hear and decide a motion which may dispose of the case and which has been filed prior to a motion for voluntary dismissal. (*Gibellina*, 127 Ill. 2d at 138.) These rulings were designed to prevent abuse of the plaintiff's right to voluntarily dismiss a claim and then refile later in order to avoid an ad-

verse ruling or the consequences of dilatory conduct. See *Gibellina*, 127 Ill. 2d at 137; *O'Connell*, 112 Ill. 2d at 282.

■ Applying the reasoning employed in these decisions to the case at bar, we hold that the trial court's conduct was proper. The record reflects that defendant Oliver was never served. The Rule 103(b) motion was filed three years after the expiration of the statute of limitations and three weeks before plaintiffs filed their motion for voluntary dismissal. Based upon these facts, the trial court acted properly in granting the Rule 103(b) motion to dismiss prior to addressing the plaintiffs' motion for voluntary dismissal with prejudice.

Plaintiffs attempt to distinguish this case from *O'Connell* and *Gibellina*, contending that their motion for voluntary dismissal *with prejudice* cannot be compared to a motion under section 2—1009. Plaintiffs assert that the reasoning employed in those cases should not be applied here because the filing of their motion did not constitute an abuse of the right to voluntarily dismiss and refile.

Yet, a dismissal with prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim. Black's Law Dictionary 469 (6th ed. 1990); *Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 487, 424 N.E.2d 679.

Plaintiffs acknowledge that an involuntary dismissal of their claim against defendant Oliver pursuant to Rule 103(b) would be an adjudication on the merits which would preclude an action against Yellow Cab under the doctrine of *respondeat superior*. (See *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122-23, 382 N.E.2d 1217; *Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 575-76, 567 N.E.2d 503.) Plaintiffs also specifically admit that they filed their motion for voluntary dismissal with prejudice in an effort to avoid an adjudication on the merits of their claims against Oliver and the resulting *res judicata* effect on their claims against Yellow Cab. Thus, contrary to the plaintiffs' assertions, this was precisely the type of situation contemplated by the supreme court in *O'Connell* and *Gibellina* and which those cases determined should not be permitted. Consequently, the trial court's allowance of the defendant's Rule 103(b) motion to dismiss was appropriate, and the court was not required to consider plaintiffs' motion for voluntary dismissal prior to deciding the Rule 103(b) motion.

We next consider plaintiffs' argument that the trial court erred in granting summary judgment in favor of Yellow Cab based upon the dismissal of the claim against Oliver. In support of this argument, plaintiffs assert that the defendant's answer denied the allegation

contained in paragraph 3(e) of the one-count complaint which stated that the defendants had failed to equip the taxicab with proper brakes.

A motion for summary judgment should be granted when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 397.) Although the respondent need not prove his case at the summary judgment stage, he may be required to present evidence which demonstrates the existence of a triable issue of fact. *Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 221, 490 N.E.2d 104.

■ In order to recover for the failure to equip the taxicab with proper brakes, the plaintiffs would be obligated to present some evidence that the brakes were inadequate, faulty, or defective. The record reveals that plaintiffs never initiated any discovery as to the condition of the brakes and failed to present an affidavit by an expert witness which would support a claim that the brakes were inadequate. There is no indication that plaintiffs ever requested that the cab be impounded or that the brakes be produced for inspection. In addition, plaintiffs did not request production of any maintenance records relating to the cab or brakes. Thus, plaintiffs presented no evidence to the trial court which would support their claim that defendant Yellow Cab failed to equip the taxi with proper brakes. Based upon this record, we hold that the plaintiffs have failed to present any evidence which would demonstrate the existence of a triable issue of fact. Consequently, the entry of summary judgment in favor of Yellow Cab was proper.

For the foregoing reasons, the dismissal of defendant Oliver under Supreme Court Rule 103(b) is affirmed, and the entry of summary judgment in favor of Yellow Cab is affirmed.

Affirmed.

McNAMARA, P.J., and EGAN, J., concur.