THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHICAGO AND ILLINOIS MIDLAND RAILWAY COMPANY, Defendant-Appellant.

Fifth District    No. 5—93—0131

Opinion filed March 1, 1994.—Rehearing denied March 28, 1994.

Graham & Graham, of Springfield, and John C. Danielson, of Punta Gorda, Florida, for appellant.

Gregory B. Grigsby, State's Attorney, of Taylorville (David H. Martin, Assistant State's Attorney, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

In a two-count civil complaint, the Christian County State's Attorney charged the Chicago & Illinois Midland Railway Company (Midland) with two counts of violating the Environmental Protection Act, sections 21(d) and 21(e) (415 ILCS 5/21(d), (e) (West 1992)). The complaint alleged that Midland is in control of approximately 36 railcars, containing municipal solid waste (MSW), for which it does not have a permit and which are located in Christian County. The State sought an injunction to compel Midland to either obtain an Environmental Protection Act (the Act) permit if it continued to store waste at Ellis rail yard, or to remove the railcars which are parked at the site in violation of the Act. After a bench trial, the trial court found that Midland violated the Act and enjoined Midland from "allowing any rail car containing Municipal Solid Waste (MSW)[ ] to remain at rest at any location within Christian County, Illinois, for more than ninety-six (96) consecutive hours." The trial court stayed the order of injunction pending appeal. Midland appeals. We reverse.

The first issue on appeal is whether the trial court erred when it refused to dismiss this action on *res judicata* grounds. Midland contends that the State filed a similar complaint against it in 1991, and that the disposition of the 1991 case bars the instant case on grounds of *res judicata*. In the 1991 proceeding, prior to entering into a settlement agreement with Christian County Landfill, Inc., the State filed a motion for voluntary dismissal of Midland. Pursuant to that motion the State alleged: "[T]he [State] and [Midland] agree that further litigation of this matter is not in the best interests of the court and the parties." Midland was then dismissed from the 1991 case with prejudice. The trial court in the instant case refused to

dismiss on grounds of *res judicata* because it did not find it sufficiently clear in the 1991 dismissal that the parties intended to bar future litigation as to the storage of MSW.

■ The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484, 490; *In re Marriage of Wardell* (1986), 149 Ill. App. 3d 537, 543, 500 N.E.2d 960, 964.) When a former adjudication is relied upon as an absolute bar, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it. *Schultz v. Bank of Lyons* (1978), 66 Ill. App. 3d 698, 384 N.E.2d 113, *aff'd and remanded* (1980), 78 Ill. 2d 235, 399 N.E.2d 1286.

In both cases, the same parties were involved, and the proceedings were before a court of competent jurisdiction. The key questions are whether the 1991 cause of action is the same as the instant case and whether the former adjudication was a final judgment or decree on the merits.

■ In the 1991 action, the State's Attorney's complaint was filed against Christian County Landfill, Inc., Midland, and National Salvage and Service Corporation. That complaint alleged that there were 26 railcars loaded with MSW and parked for an extended period of time near Tovey, Illinois. It is undisputed that the 1991 complaint and the complaint in the case at bar each contain statutory storage claims against Midland pursuant to sections 21(d) and 21(e) of the Illinois Environmental Protection Act. In each complaint Midland was alleged to have unlawfully stored MSW in railcars for an extended period of time in Christian County near Tovey, Illinois. In both cases the State sought an injunction to prevent further violation of the Environmental Protection Act. It is evident that the cause of action filed in 1991 is the same as the instant cause of action for purposes of applying the doctrine of *res judicata*.

The State argues that the former adjudication was not a final judgment or decree on the merits so as to bar the instant case. The State contends that the court's decision in 1991 was on the issue of whether a preliminary injunction should issue. It is undisputed that Midland was dismissed with prejudice as to the 1991 case before a settlement was reached between the State and the remaining party

in that case, Christian County Landfill, Inc. Whatever disposition was finally reached between the State and the landfill is irrelevant to the question at bar because the State's motion to dismiss Midland asked the lower court to dismiss with prejudice its entire complaint, including its prayers for a preliminary injunction, for a permanent injunction against storage of MSW, and for damages. Therefore, the doctrine of former adjudication applies, and the order dismissing Midland with prejudice is conclusive as to all questions actually decided and to all questions which might have been litigated and determined in that action. (See *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375, 444 N.E.2d 205, 208; *Pick v. Pick* (1978), 58 Ill. App. 3d 357, 360, 374 N.E.2d 689, 692; *Schultz v. Bank of Lyons* (1978), 66 Ill. App. 3d 698, 703, 384 N.E.2d 113, 115.) In Illinois, a State court order dismissing a suit with prejudice is considered a final judgment on the merits for purposes of applying *res judicata*. (*Pick v. Pick* (1978), 58 Ill. App. 3d 357, 360, 374 N.E.2d 689, 692.) Dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by final judgment adverse to the plaintiff. *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 624, 373 N.E.2d 565, 568.

The State also argues that *res judicata* does not apply because there is no identity of subject matter between the 1991 action and the instant case. The State contends that the following factors in this case could be different from those in the 1991 case: the number of rail cars, distance of perceptible odor, amount of leachate release from each car, proximity to water hazard, temperature of the outside air, condition of the rail cars, time the rail cars were stored, number or amount of disease vectors present, and different MSW. While these are in fact conceivable distinctions, we agree with Midland's argument that they are distinctions without differences. One test to determine identity of causes of action is whether the same evidence would sustain both actions. (*Keim*, 57 Ill. App. 3d at 624, 373 N.E.2d at 568.) The two complaints, the dismissal order, and the injunction at bar are concerned with the lawfulness of Midland's holding MSW in Midland's Ellis rail yard, while waiting for Christian County Landfill, Inc., to accept delivery. The only subject of merit in 1991, as now, was whether Midland could lawfully hold MSW at Ellis rail yard while the landfill was unable to take it.

Under these circumstances, we hold the doctrine of former adjudication applies, and the dismissal with prejudice of plaintiff's 1991 complaint was a final adjudication on the merits. In view of our decision, we need not reach the other issues raised on appeal.

Accordingly, the judgment of the circuit court of Christian County is reversed.

Reversed.

LEWIS, P.J., and GOLDENHERSH, J., concur.