30 June 1999

NO. 4-98-0543

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

SDS PARTNERS, INC., ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Menard County

JOHN E. CRAMER, ) No. 97CH3

Defendant-Appellee. )

) Honorable

) Carson D. Klitz,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In June 1991, the estate of H.R. McGarvey sued John and Helen Cramer, alleging the Cramers built a dam on their property that caused the natural flow of water to flow onto McGarvey's adjacent property.  The parties settled in March 1992.  The settlement order provided:

"This cause coming on to be heard for trial and it appearing to the court that the parties have effected a settlement of this matter, which settlement is as follows:

1. That Defendants shall lower the height of the dam or berm constructed upon their real estate *** to a height which is no higher than the crest of the roadway which is adjacent to the real estate owned by plain­

tiff, the Estate of [H.R.] McGarvey, de

ceased, and *** Defendants shall perform the above no later than December 31, 1992.

2.  That Plaintiff, Estate of [H.R.] McGarvey, deceased, shall repair a washout in Pike Creek adjacent to its above[-]described real estate *** that Plaintiff is to complete the above no later than December 31, 1992.

The court finds the aforesaid settlement to be fair and equitable; the parties are hereby ordered to perform as set forth above.

It is further ordered that this cause be and is hereby dismissed with prejudice."  

In October 1996, SDS Partners, Inc. (SDS), filed a petition to intervene in the case, No. 91-CH-3.  SDS alleged that McGarvey's real estate that was the subject of the settle­ment order was subse­quently transferred to SDS.  SDS alleged it was neces­sary to intervene as a party plaintiff to enforce the settlement order.  The trial court denied the petition.  The dismissal order stated:

"There was no dismissal with the court re­

serving jurisdiction for purposes of enforce­

ment.  After [30] days from said dismissal, this court, therefore, lost jurisdiction[,] and any new proceedings based on the argument of the parties had to be instituted by a new summons and a new lawsuit. *** Intervenor[']s theory seems to be that the order of dismiss­

al cre­ated rights in the lands of the defen­

dants in perpetuity for those benefited by the order.  The order did not recite that it was binding upon heirs at law, legatees and devisees, nor successors in title."

No appeal was taken. 

In response, SDS filed a new lawsuit herein, No. 97-CH-

3, in Febru­ary 1997, alleging John Cramer built a dam on his proper­ty that wrongfully diverted water onto SDS' property.  Cramer moved to dismiss, arguing the plaintiff was barred by collateral estoppel because the issue had already been decided in the previous case.  Cramer's motion attached a copy of the settlement order, SDS' petition to intervene, and the order denying inter­vention.  The trial court granted Cramer's motion to dismiss.  The court found the present action was identical to the action filed in 1991, and SDS was barred by estoppel by verdict or collateral estoppel.  SDS appeals.

The purpose of motions to dismiss under section 2-619  of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)) is to afford defen­dants a means to sum­mari­ly dispose of cases that are barred by easily proved defens­es or defects.  
Corluka v. Bridgford Foods of Illinois, Inc.
, 284 Ill. App. 3d 190, 192, 671 N.E.2d 814, 816 (1996).  If the court cannot determine with reasonable certainty that the alleged defense exists, the motion should be denied.  
Sjogren v. Maybrooks, Inc.
, 214 Ill. App. 3d 888, 891, 573 N.E.2d 1367, 1368 (1991).  Appel­late review of the dismissal of a com­plaint pursu­ant to section 2-619 is 
de
 
novo
.  
Kedzie & 103rd Currency Ex­change, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).

SDS acknowledges the issue in this case is identical to the issue in the prior case and that SDS is in privity with the estate of H.R. McGarvey due to the subsequent transfer of proper­

ty.  SDS con­tends, however, that its action is not barred by 
res
 
judicata
 because the prior dismissal did not amount to an adjudi­

cation on the merits.  SDS claims the prior case was settled by the parties and never tried.  SDS argues no contested matter was decided and no finding of a specific fact was made.

The doctrine of 
res
 
judicata
 provides that a final judgment on the merits rendered by a court of competent jurisdic­

tion bars any subsequent actions between the same parties or their privies on the same claim, demand, or cause of action.  
Kinzer v. City of Chicago
, 128 Ill. 2d 437, 446, 539 N.E.2d 1216, 1220 (1989).  To be effective as a prior adjudication, the first action must result in a final adjudication on the merits.  A judgment is "on the merits" where it amounts to a decision as to the respec­tive rights and liabilities of parties based on the facts before the court.  
Lehman v. Continental Health Care, Ltd.
, 240 Ill. App. 3d 795, 802, 608 N.E.2d 303, 308 (1992).  A judg­

ment is deemed final, for purposes of 
res
 
judica­ta
, if it termi­

nates litigation on the merits so that the only issue remaining is proceeding with its execution.  
In re Marriage of Verdung
, 126 Ill. 2d 542, 553, 535 N.E.2d 818, 823 (1989).

The settlement order in the original action was a final judgment on the merits.  The parties agreed to a resolution, and the judge found the settlement "fair and equitable" and dis­missed the action with prejudice.  A dismissal with prejudice is deemed to be as conclusive of rights of parties as if the matter had pro­ceeded to trial and been resolved by final judg­ment.  
People v. Chicago & Illinois Midland Ry. Co.
, 258 Ill. App. 3d 409, 411, 629 N.E.2d 1213, 1214 (1994).  A dismissal with preju­dice consti­

tutes an adjudication on the merits that bars plain­tiff from main­tain­ing another action on the same claim.  
Rogaris v. Oliver
, 246 Ill. App. 3d 876, 881, 617 N.E.2d 53, 56 (1993).

We find that SDS is bound by the prior settlement order between the estate of H.R. McGarvey and the Cramers.  Section 43 of the Re­state­ment (Second) of Judgments (Restatement (Second) of Judg­ments §43, at 1 (1982)) states:

"A judgment in an action that determines in- terests in real or personal prop­erty:

(1) With respect to the property involved in the action:

* * *

(b) Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself."

In addition, section 38a of the Conveyances Act states that when one acquires an interest in land that is damaged by a neighboring nuisance, the new owner may not maintain an action on account of the nuisance 
if
 the previous owner has already re­ceived a judg­

ment or settlement based on the nuisance.  765 ILCS 5/38a (West 1996).

Even though SDS is bound by the previous judgment, it is not prohibited from seeking to enforce it.  SDS states in its brief that all it wants is to enforce the judg­ment in the origi­

nal case.  To accomplish this, SDS should have filed a claim for enforcement of the judgment, not an entirely new claim for damag­

es.  It was not necessary for SDS to intervene in the origi­nal action.  SDS could have filed, and still may file, a separate suit for en­force­ment.  Unfortunately, SDS was misled into filing a new suit for damages based on the incorrect ruling by the original judge that SDS was not bound by the settlement order.  

SDS' present complaint cannot withstand dismissal because it alleges a claim that is barred by 
res
 
judicata
.  However, based on the circumstances, we conclude SDS should be given an opportunity to amend its com­plaint to seek en­force­ment of the original settle­ment order.  According­ly, we remand to the trial court and grant SDS leave to amend the complaint.  

Affirmed and remanded with instructions.          

GARMAN and MYERSCOUGH, JJ., concur.