SDS PARTNERS, INC., Plaintiff-Appellant, v. JOHN E. CRAMER, Defendant-Appellee.

Fourth District    No. 4—98—0543

Opinion filed June 30, 1999.

894

Nolan Lipsky, of Petersburg, for appellant.

Chris E. Reif, of Grosboll, Becker, Tice & Smith, of Petersburg, for appellee.

JUSTICE COOK delivered the opinion of the court:

In June 1991, the estate of H.R. McGarvey sued John and Helen Cramer, alleging the Cramers built a dam on their property that caused the natural flow of water to flow onto McGarvey's adjacent property. The parties settled in March 1992. The settlement order provided:

"This cause coming on to be heard for trial and it appearing to the court that the parties have effected a settlement of this matter, which settlement is as follows:

1. That Defendants shall lower the height of the dam or berm constructed upon their real estate *** to a height which is no higher than the crest of the roadway which is adjacent to the real estate owned by plaintiff, the Estate of [H.R.] McGarvey, deceased, and *** Defendants shall perform the above no later than December 31, 1992.

2. That Plaintiff, Estate of [H.R.] McGarvey, deceased, shall

repair a washout in Pike Creek adjacent to its above[-]described real estate *** that Plaintiff is to complete the above no later than December 31, 1992.

The court finds the aforesaid settlement to be fair and equitable; the parties are hereby ordered to perform as set forth above.

It is further ordered that this cause be and is hereby dismissed with prejudice."

In October 1996, SDS Partners, Inc. (SDS), filed a petition to intervene in the case, No. 91—CH—3. SDS alleged that McGarvey's real estate that was the subject of the settlement order was subsequently transferred to SDS. SDS alleged it was necessary to intervene as a party plaintiff to enforce the settlement order. The trial court denied the petition. The dismissal order stated:

"There was no dismissal with the court reserving jurisdiction for purposes of enforcement. After [30] days from said dismissal, this court, therefore, lost jurisdiction[,] and any new proceedings based on the argument of the parties had to be instituted by a new summons and a new lawsuit. *** Intervenor[']s theory seems to be that the order of dismissal created rights in the lands of the defendants in perpetuity for those benefited by the order. The order did not recite that it was binding upon heirs at law, legatees and devisees, nor successors in title."

No appeal was taken.

In response, SDS filed a new lawsuit herein, No. 97—CH—3, in February 1997, alleging John Cramer built a dam on his property that wrongfully diverted water onto SDS' property. Cramer moved to dismiss, arguing the plaintiff was barred by collateral estoppel because the issue had already been decided in the previous case. Cramer's motion attached a copy of the settlement order, SDS' petition to intervene, and the order denying intervention. The trial court granted Cramer's motion to dismiss. The court found the present action was identical to the action filed in 1991, and SDS was barred by estoppel by verdict or collateral estoppel. SDS appeals.

■ The purpose of motions to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)) is to afford defendants a means to summarily dispose of cases that are barred by easily proved defenses or defects. *Corluka v. Bridgford Foods of Illinois, Inc.*, 284 Ill. App. 3d 190, 192, 671 N.E.2d 814, 816 (1996). If the court cannot determine with reasonable certainty that the alleged defense exists, the motion should be denied. *Sjogren v. Maybrooks, Inc.*, 214 Ill. App. 3d 888, 891, 573 N.E.2d 1367, 1368 (1991). Appellate review of the dismissal of a complaint pursuant to section 2—619 is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).

SDS acknowledges the issue in this case is identical to the issue in the prior case and that SDS is in privity with the estate of H.R. McGarvey due to the subsequent transfer of property. SDS contends, however, that its action is not barred by *res judicata* because the prior dismissal did not amount to an adjudication on the merits. SDS claims the prior case was settled by the parties and never tried. SDS argues no contested matter was decided and no finding of a specific fact was made.

■ The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same claim, demand, or cause of action. *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 446, 539 N.E.2d 1216, 1220 (1989). To be effective as a prior adjudication, the first action must result in a final adjudication on the merits. A judgment is "on the merits" where it amounts to a decision as to the respective rights and liabilities of parties based on the facts before the court. *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 802, 608 N.E.2d 303, 308 (1992). A judgment is deemed final, for purposes of *res judicata*, if it terminates litigation on the merits so that the only issue remaining is proceeding with its execution. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818, 823 (1989).

The settlement order in the original action was a final judgment on the merits. The parties agreed to a resolution, and the judge found the settlement "fair and equitable" and dismissed the action with prejudice. A dismissal with prejudice is deemed to be as conclusive of rights of parties as if the matter had proceeded to trial and been resolved by final judgment. *People v. Chicago & Illinois Midland Ry. Co.*, 258 Ill. App. 3d 409, 411, 629 N.E.2d 1213, 1214 (1994). A dismissal with prejudice constitutes an adjudication on the merits that bars plaintiff from maintaining another action on the same claim. *Rogaris v. Oliver*, 246 Ill. App. 3d 876, 881, 617 N.E.2d 53, 56 (1993).

■ We find that SDS is bound by the prior settlement order between the estate of H.R. McGarvey and the Cramers. Section 43 of the Restatement (Second) of Judgments (Restatement (Second) of Judgments § 43, at 1 (1982)) states:

> "A judgment in an action that determines interests in real or personal property:
> (1) With respect to the property involved in the action:
> ***
> (b) Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself."

In addition, section 38a of the Conveyances Act states that when one

acquires an interest in land that is damaged by a neighboring nuisance, the new owner may not maintain an action on account of the nuisance *if* the previous owner has already received a judgment or settlement based on the nuisance. 765 ILCS 5/38a (West 1996).

■ Even though SDS is bound by the previous judgment, it is not prohibited from seeking to enforce it. SDS states in its brief that all it wants is to enforce the judgment in the original case. To accomplish this, SDS should have filed a claim for enforcement of the judgment, not an entirely new claim for damages. It was not necessary for SDS to intervene in the original action. SDS could have filed, and still may file, a separate suit for enforcement. Unfortunately, SDS was misled into filing a new suit for damages based on the incorrect ruling by the original judge that SDS was not bound by the settlement order.

SDS' present complaint cannot withstand dismissal because it alleges a claim that is barred by *res judicata*. However, based on the circumstances, we conclude SDS should be given an opportunity to amend its complaint to seek enforcement of the original settlement order. Accordingly, we remand to the trial court and grant SDS leave to amend the complaint.

Affirmed and remanded with instructions.

GARMAN and MYERSCOUGH, JJ., concur.