FIRST DIVISION

May 30, 2000 

No. 1-99-3712

BEVERLY AVERY, Indiv. and as Parent and Next ) Appeal from the

Friend of Kelly Avery, a Minor, and Valentyne ) Circuit Court of

Arent, ) Cook County

) 

Plaintiffs and Counterdefendants-Appellants, ) 

)

v. ) Honorable 

) William D. Maddux,

AUTO-PRO, INC., d/b/a Wilrae of Palos Heights ) Judge Presiding. 

)

Defendant and Counterplaintiff-Appellee. ) .

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

In this refiled negligence lawsuit, we are asked to determine whether a defendant may file a counterclaim for contribution against plaintiff under section 13-204 of the Code of Civil Procedure (735 ILCS 5/13-204 (West 1998)). 
 In the previously filed lawsuit, the trial court dismissed defendant's counterclaim for contribution as barred under the statute of limitations of section 13-204.  Once plaintiffs voluntarily dismissed their complaint and refiled this lawsuit within one year of the voluntary dismissal (735 ILCS 5/13-217 (West 1998)), the defendant filed a second identical counterclaim for contribution.  This time the trial court denied plaintiffs' motion to dismiss the counterclaim and found the counterclaim was no longer time-barred under section 13-204 because defendant brought it within two years of being served in the refiled action.  The trial court, however, certified the issue of the validity of defendant's counterclaim for interlocutory appeal under Supreme Court Rule 308(a).  155 Ill. 2d R. 308(a).  We granted plaintiffs' request for leave to appeal and now reverse.

The facts of this case are relatively simple and undisputed.  In 1992, plaintiffs brought a negligence suit against defendant.  Plaintiffs alleged that defendant negligently repaired an automobile that subsequently crashed into a pole and caused plaintiffs, who occupied the automobile during the crash, to sustain personal injuries.  In 1996, defendant filed a counterclaim for contribution against plaintiffs.  Defendant's counterclaim alleged that plaintiffs' negligence contributed to the auto accident and their injuries.  Plaintiffs moved to dismiss the counterclaim under section 13-204 because defendant filed it more than two years after plaintiffs served it with process in 1992.  The trial court in an order dated August 30, 1996 granted the motion and dismissed the counterclaim with prejudice.  The dismissal order contained Supreme Court Rule 304(a) language.  The defendant never sought to appeal the dismissal of its counterclaim for contribution. 

On October 24, 1997, plaintiffs voluntarily dismissed the lawsuit.  Pursuant to section 13-

217 of the Code of Civil Procedure (735 ILCS 13-217 (West 1998)), plaintiffs refiled the case within one year of dismissal on June 3, 1998, and caused defendant to be served with summons shortly thereafter.  Within less than two years, on June 18, 1999, defendant again brought a counterclaim for contribution.  Plaintiffs moved to dismiss the counterclaim pursuant to section 2-619 of the Code of Civil Procedure.  735 ILCS 5/2-619 (West 1998).  Plaintiffs argued that because the trial court dismissed defendant's original counterclaim for contribution in the initial lawsuit as time-barred under section 13-204, defendant's current counterclaim for contribution, identical to the first, was likewise barred.  The trial court denied plaintiffs' motion to dismiss but certified the following question for interlocutory review under Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Can a counterclaim plaintiff file a counterclaim for contribution based on negligence following the refilling of an original action that was voluntarily dismissed, when the negligence counterclaim for contribution had originally been dismissed before the voluntary dismissal?"  

We granted plaintiffs leave to file an interlocutory appeal.

Plaintiffs moved to dismiss the counterclaim for contribution under sections 2-619(a)(4) and (a)(5) which allow for involuntary dismissal of a pleading because it is either barred by a "prior judgment" or "[i]t was not commenced within the time limited by law."  735 ILCS 2-

619(a)(4), (a)(5) (West 1998).  Our review of a motion to dismiss brought under section 2-619 is 
de novo
.  
Aboufariss v. City of DeKalb
, 305 Ill. App. 3d 1054, 1067 (1999).
  

Plaintiffs argue that defendant's counterclaim is barred by either the statute of limitations or the doctrine of 
res judicata
.  Defendant counters that the plain language of section 13-204 allows it to bring this counterclaim.  Section 13-204 states in relevant part:

"(b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statute of limitation or repose * * *."  735 ILCS 5/13-

204 (b), (c) (West 1998).

We first address plaintiffs' argument that because the dismissal of defendant's initial contribution claim, identical to the current one, was an adjudication on the merits in the previous lawsuit, defendant cannot revive the counterclaim in the refiled cause of action.  Plaintiffs essentially argue that the principles of 
res judicata 
bar the counterclaim. 
 Res judicata
 bars the refiling of an action previously adjudicated on the merits that involves the same parties and the same cause of action.  
DeLuna v. Treister
, 185 Ill. 2d 565, 572 (1999).  "For the doctrine of 
res judicata
 to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." 
 Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 335 (1996).

Under Supreme Court Rule 273, "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."  134 Ill. 2d R. 273.  Rule 273 governs involuntary dismissals such as occur when a trial judge grants a section 2-615 or section 2-619 motion to dismiss. 
 Rein
, 172 Ill. 2d at 335.  Courts have found that a trial judge's decision to grant a motion to dismiss a cause of action based on the application of a statute of limitation constitutes a final adjudication on the merits.  
Rein
, 172 Ill. 2d at 335; 
Greenfield v. Ray Stamm, Inc.
, 242 Ill. App. 3d 320, 327 (1993).  Moreover, when a party obtains an involuntary dismissal of a claim and later asserts that the dismissal was an adjudication on the merits, the court makes this determination "by applying Rule 273 according to its plain terms."  
DeLuna
, 185 Ill. 2d at 578.

In this case, the trial court granted plaintiffs' motion to dismiss defendant's counterclaim in the previously filed suit pursuant to section 2-619 as barred under the statute of limitations and found no just reason to delay enforcement and appeal of the dismissal order.  Defendant did not appeal the dismissal order.  The plain language of Rule 273 provides that the involuntary dismissal of defendant's counterclaim operates as a final judgment on the merits because the dismissal was for a reason other than lack of jurisdiction, improper venue, or failure to join an indispensable party.  134 Ill. 2d R. 273.  Thus, the initial dismissal of defendant's counterclaim based on the applicable statute of limitations was a final adjudication on the merits and satisfies the first element of the 
res judicata 
analysis.  
Rein
, 172 Ill. 2d at 336. 

We additionally find that the other two elements are satisfied.  In the previous lawsuit, defendant brought the same counterclaim for contribution; thus, both counterclaims constitute the same cause of action.  Moreover, the parties in both actions are identical.  Defendant has offered no authority to refute the application of the doctrine of 
res judicata
.  Therefore, defendant's counterclaim for contribution was barred under the principles of 
res judicata
.  The trial court should have granted plaintiffs' motion to dismiss defendant's counterclaim for contribution.

Having determined that the doctrine of 
res judicata
 bars defendant's counterclaim in the refiled lawsuit, we need not address whether defendant filed the counterclaim within the statute of limitations of section 13-204(b).  735 ILCS 5/13-204(b) (West 1998).

For the foregoing reasons, we answer the certified question in the negative and reverse the order denying plaintiffs' motion to dismiss. 

Certified question answered; order reversed.

RAKOWSKI and GALLAGHER, JJ., concur.